# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of David W. Melnyk, Respondent.

Appellate Case No. 2021-000026

---

Opinion No. 28032
Submitted May 14, 2021 – Filed June 2, 2021

---

## PUBLIC REPRIMAND

---

Disciplinary Counsel John S. Nichols and Senior
Assistant Disciplinary Counsel C. Tex Davis, Jr., both of
Columbia, for the Office of Disciplinary Counsel.

David W. Melnyk, of Irmo, Pro Se.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct, consents to
the imposition of either a confidential admonition or a public reprimand, and
agrees to pay costs and attend the Legal Ethics and Practice Program Ethics School
within one year.  We accept the Agreement and issue a public reprimand.  The
facts, as set forth in the Agreement, are as follows.

## I.

## Matter A

Client A retained Respondent on March 14, 2014, to file a Chapter 13 bankruptcy
petition.  Client A's father paid a retainer fee of $1,200.  This was not the full fee

but the amount required by Respondent to file the case. Respondent filed the petition with the United States Bankruptcy Court in January 2015. Client A was unhappy with the level of communication by Respondent and delays in the filing of the case. Client A terminated Respondent and new counsel was substituted in the case. Respondent refunded $390 to Client A and forwarded the file to Client A's new counsel. Respondent acknowledges his communication with Client A was lacking and that there were delays in the case. Respondent admits his conduct in this matter violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (diligence) and Rule 1.4 (communication).

## Matter B

Client B retained Respondent on March 14, 2014, to file a Chapter 7 bankruptcy petition. Client B paid a $200 retainer fee to Respondent to begin working on the case. In November 2014, Client B wrote a letter to Respondent terminating his services due to unnecessary delays and Respondent's failure to return phone calls. After meeting with Respondent, Client B agreed to continue with the representation. Unfortunately, the communication issues persisted, and Client B terminated Respondent's services on January 10, 2015. Respondent returned Client B's file to her. Respondent acknowledges that his communication with Client B could have been better and that these communication issues contributed to delays in the case. Respondent admits his conduct in this matter violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (diligence) and Rule 1.4 (communication). We find Respondent's conduct in this matter also violated Rule 3.2, RPC, Rule 407, SCACR (reasonable efforts to expedite litigation).

## Matter C

Client C retained Respondent on October 22, 2013, to file a Chapter 7 bankruptcy petition. Client C had recently voluntarily dismissed a Chapter 13 bankruptcy proceeding filed by another attorney. The Chapter 7 case was filed on April 11, 2014. Client C moved out of state and the bankruptcy case was ultimately dismissed. Client C stated that Respondent failed to return his client file. Respondent mistakenly believed Client C already had copies of all relevant file materials. Respondent has now forwarded a complete copy of the client file to Client C. Respondent admits his conduct in this matter violated Rule 1.16(d), RPC, Rule 407, SCACR (surrendering client property and papers upon termination of representation).

**Matter D**

Client D retained Respondent on March 10, 2014, in a Chapter 7 bankruptcy matter. In addition, Client D advised Respondent that there was a lien on her house she would like removed. Client D believed that Respondent would handle the removal of the lien as part of his representation. The bankruptcy case was concluded on August 13, 2014. Client D maintains that Respondent failed to maintain reasonable communication with her throughout the representation. In August 2015, while preparing to sell her house, Client D discovered that the lien on her house had not been removed. Client D contacted Respondent about why the lien had not already been removed. Respondent advised Client D that the Disclosure of Compensation of Attorney for Debtor form, which she signed on May 12, 2014, stated that his fee did not include the service of removing the lien. However, Respondent agreed to file the appropriate motion to remove the lien without any further charge to Client D. The lien was removed and Client D was able to sell her house. Respondent acknowledges that he could have communicated better with Client D and that better communication could have avoided the misunderstanding regarding the lien. Respondent admits his conduct in this matter violated Rule 1.4, RPC, Rule 407, SCACR (communication).

**Matter E**

Client E had a financial power of attorney for his adult son (Son). In addition, Son was unable to care for his children. Client E consulted Respondent to assist Son with his financial situation and to help Client E obtain custody of his grandchildren. On November 3, 2016, Client E signed retainer agreements whereby Respondent would file a Chapter 7 Bankruptcy petition for Son and file an action in family court for Client E to obtain custody of the grandchildren. Respondent was able to obtain a discharge in Son's bankruptcy case on October 18, 2017. A final order awarding custody of the grandchildren to Client E was filed on December 21, 2017. Respondent acknowledges that there were periods of time when he failed to maintain reasonable communication with Client E and that there were unnecessary delays in the case. Respondent admits his conduct in this matter violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (diligence) and Rule 1.4 (communication). We find Respondent's conduct in this matter also violated Rule 3.2, RPC, Rule 407, SCACR (reasonable efforts to expedite litigation).

## Matter F

Client F retained Respondent on June 30, 2017, to represent him regarding a traffic ticket. Client F paid a $400 retainer fee. On July 5, 2017, Respondent faxed a Letter of Representation, with a request for a jury trial, to the Magistrate Court and received a confirmation that the fax was received. On July 11, 2017, the Court held a hearing on the traffic ticket. Neither Client F nor Respondent were present for the hearing. Subsequently, Client F paid the traffic ticket. Respondent offered to file a motion to reopen the matter. Client F declined to have Respondent file any motion. Respondent refunded the entire $400 retainer fee to Client F. Respondent acknowledges he failed to meet Client F's expectations regarding communication. Respondent admits his conduct in this matter violated Rule 1.4, RPC, Rule 407, SCACR (communication). We find Respondent's conduct in this matter also violated Rule 8.4(e), RPC, Rule 407, SCACR (conduct prejudicial to the administration of justice).

## Matter G

Client G retained Respondent on June 4, 2018, to handle a domestic case. Client G paid a retainer fee of $2,000. Over the next several months, Client G became increasingly dissatisfied with the communication from Respondent. Ultimately, in November 2018, Client G terminated Respondent and obtained new counsel. Respondent refunded the entire $2,000 fee to Client G. Respondent acknowledges that he failed to meet Client G's expectations regarding communication. Respondent admits his conduct in this matter violated Rule 1.4, RPC, Rule 407, SCACR (communication).

## Matter H

Client H retained Lawyer on August 23, 2018, to represent him for a charge of reckless driving. Client H paid a retainer fee of $500. Client H states that Respondent failed to return his calls and messages. Client H's court date was scheduled for June 4, 2019. Respondent failed to appear at the hearing. Client H was found guilty in his absence and was required to pay a fine of $440 for the traffic offense. Respondent represents that on June 4, 2019, he had court hearings in municipal court and bankruptcy court. Respondent mistakenly believed that Client H's trial had been continued due to his other court hearings. Respondent filed a motion to reopen Client H's case. This motion was denied on August 21,

2019.  Respondent refunded the entire retainer fee of $500 to Client H and forwarded payment of $440 to reimburse Client H for the fine he was required to pay.  Respondent acknowledges that his failure to appear at Client H's hearing was conduct prejudicial to the administration of justice.  Respondent admits his conduct in this matter violated Rule 8.4(e), RPC, Rule 407, SCACR (conduct prejudicial to the administration of justice).

**Matter I**

Client I retained Respondent in March 2018 to handle a bankruptcy case.  Client I paid a retainer fee of $1,700.  After numerous missed calls and delays, the case was filed in September 2018.  The case was dismissed in October 2018 because Client I was unable to comply with the financial terms of the plan.  Client I and Respondent agreed to reassess the options in a few months.  This additional time would allow Client I to improve her financial situation.  Client I met again with Respondent in May 2019 to discuss filing a new bankruptcy claim.  Client I paid an additional fee to Respondent for the second claim.  The second bankruptcy case for Client I was dismissed with prejudice in August 2019 because Respondent failed to submit all the required documentation.  On December 5, 2019, the bankruptcy court held a hearing to reconsider the dismissal with prejudice and to address the potential disgorgement of attorney's fees.  Client I consented for Respondent to represent her at this hearing.  Respondent was able to convince the bankruptcy court to amend its dismissal decision removing the prejudice period of one year so that Client I would be permitted to file again.  In addition, Respondent voluntarily agreed to refund $2,300 to Client I, which represents all legal fees paid to Respondent.  Respondent acknowledges that his conduct in this matter fell short of what is required in communication and diligence.  Respondent admits his conduct in this matter violated the following Rules of Professional Conduct, Rule 407, SCACR:  Rule 1.3 (diligence) and Rule 1.4 (communication).

**II.**

Respondent admits that his conduct constitutes grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (a violation of the Rules of Professional Conduct is a ground for discipline).  Respondent also agrees that within thirty days of the imposition of discipline, he will pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (Commission).  As a condition of discipline, Respondent further agrees to

complete the Legal Ethics and Practice Program Ethics School within one year of the imposition of discipline.

## III.

We find Respondent's misconduct warrants a public reprimand.  Accordingly, we accept the Agreement and publicly reprimand Respondent for his misconduct. Within thirty days of the date of this opinion, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.  Within one year of the date of this opinion, Respondent shall complete the Legal Ethics and Practice Program Ethics School.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**